HEISELMANN ET AL. *v.* FRANKS ET AL.

(Decided June 25, 1934.)

*Messrs. Marble & Vordenberg,* for plaintiffs in error.

*Mr. James G. Stewart, Mr. Bert H. Long, Mr. Frank R. Gusweiler* and *Mr. Walter W. Schwaab,* for defendants in error.

Ross, J. This is a proceeding to reverse the judgment of the Court of Common Pleas of Hamilton county, sustaining a will.

The major assignment of error is based upon the admission of the testimony of certain physicians who knew the deceased as a patient. The questions asked of these physicians were practically the same in each case. An illustration of this line of examination is found in the following excerpt from the record:

"Q. Will you state your name, please? A. Joseph A. Conner.

"Q. You will have to talk a little louder, Doctor. A. Joseph A. Conner.

"Q. Whereabouts do you live? A. 4525 Glenway Avenue.

"Q. You are a physician by profession? A. Yes, sir.

"Q. And whereabouts is your office? A. At my residence, 4525 Glenway Avenue.

"Q. You practice at your residence? A. Yes, sir.

"Q. And how long have you been a physician? A. Thirteen years.

"Q. And did you know Jacob Laufer in his lifetime? A. Yes, sir.

"Q. And what was your contact with him? A. He came in to me in a professional way.

"Q. And how many times did you see him? A. Five times.

"Q. And during those five times did you converse with him and talk with him? A. Yes.

"Q. And I will ask you—by the way, when were those five times? A. That was from February 2nd to the 17th, 1932.

"Q. And I will ask you to state to the jury from your observations and your contacts with Jacob Laufer whether or not in your opinion he was of sound mind?

"Mr. Marble: I want to interpose an objection. Privileged communication, under the law, no evidence on which to base such a conclusion.

"The Court: Overruled.

"Mr. Marble: Note my exception.

"Q. The question is whether or not in your opinion, from your contacts and conversations and observations of him, he was of sound mind? A. He was."

It is claimed that Section 11494, General Code, prohibits such evidence. It provides in part:

"The following persons shall not testify in certain respects:

"1. An attorney, concerning a communication made to him by his client in that relation, or his advice to his client; or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient. But the attorney or physician may testify by express consent of the client or patient; and if the client or patient voluntarily testifies, the attorney or physician may be compelled to testify on the same subject."

The evidence was introduced naturally in support of the will and the sanity of the testator. It seems to us obvious that this evidence does not constitute testimony by a physician concerning any "communication made to him by his patient in that relation", nor, of course, is it "advice to his patient." Nor is it the exhibiting of the person or body of the patient, such as is construed to be within the purview of the section in the case of *Ausdenmoore et al., Exrs.,* v. *Holzback,*

89 Ohio St., 381, 106 N. E., 41, where it is stated at page 382:

"We hold that a communication by the patient to the physician may be not only by word of mouth but also by exhibiting the body or any part thereof to the physician for his opinion, examination or diagnosis, and that that sort of communication is quite as clearly within the statutes as a communication by word of mouth."

It is not such information as would be included in the rule laid down in *Collins* v. *Collins,* 110 Ohio St., 105, 143 N. E., 561, applying to attorney and client. It is evidence based solely upon the general observation of the patient, upon his acts and words, and these are of a nature which he would, as far as the record goes, have no possible reason for considering of a confidential character. The reason for the rule as to privileged communications is so clear that it seems difficult to see how by any stretch of the imagination the rule could be here applicable. Revelation of information concerning one's health, exhibition of the person or body, discovering the presence of disease are essentially confidential in character. The law provides for the protection of those revealing such facts. It justly assures those making such revelations that during their lives, and even after death, no one to whom such information becomes known, if acting in the relation of attorney or physician, will be permitted to reveal what has become known. They are therefore free to seek advice, help and comfort, and know that this confidence is secure. No such consideration certainly applies to one appearing before his physician in the most casual way. No patient would think of requiring that his physician be forbidden to say that judging from his general appearance and his conversation he was sane.

What difference is there between what happens in

such a situation in the office of the physician and his contact with the public in general? The only difference apparent is that from what he sees and hears the physician is better able to judge of the sanity of the patient.

The same reasoning applies to the examination of the decedent's attorney. This examination was as follows:

"Q. Now then, Mr. Franks, from the contact that you had with Mr. Laufer, and from the communication that you had with him, and from the general business dealings that you had with him, and from your relation that you had with him, would you say that on October 1st, 1931, that he was a man of sound or unsound mind?

"Mr. Marble: I object to that on the ground of privileged communication between the parties.

"The Court: Overruled.

"Mr. Marble: Exception.

"A. He was just as sound and sane and sensible as any man."

It is also claimed that an office associate of **Mr.** Franks was permitted to testify, in violation of the statute. There is no evidence that the relation of attorney and client existed between such associate and the deceased.

It is our conclusion that no error prejudicial to plaintiffs in error intervened, and that the judgment must be, and it therefore is, affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and RICHARDS, J., the latter of the Sixth Appellate District, concur.