WEIERMAN, Appellee,

v.

MARDIS, Exr., Appellant; FISHER, Atty. Gen., et al.

[Cite as *Weierman v. Mardis* (1994), 101 Ohio App.3d 774.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–930216.

Decided May 11, 1994.

*Lindhorst & Dreidame* and *Jay R. Langenbahn,* for appellee.

*Manley, Burke, Fischer & Lipton, Robert E. Manley* and *Carol S. Wood,* for appellant.

---

HILDEBRANDT, Presiding Judge.

The issues in this will-contest action are twofold and concern discovery orders issued by the probate court. Our review focuses on two questions: (1) Did the probate court err by ruling that the testator's treating physicians and the contestor's experts could review the testator's medical records for purposes of testifying at trial? and (2) Did the court err by ruling that the contestor could depose an attorney concerning his representation of the guardian and successor guardian of the testator's estate prior to the testator's death? For the reasons that follow, we answer the first question in the affirmative and the second question in the negative.[1]

The record here reveals that the testator, Leo F. Weierman, died December 27, 1991, leaving a will executed on September 28, 1991. Defendant-appellant Julie Jane Mardis ("appellant") was named executor of the estate in the 1991 will, which was admitted to probate by the trial court on January 6, 1992, and which left the testator's estate to various persons, including plaintiff-appellee Andrew P. Weierman ("appellee").[2]

Approximately nine months prior to his death, in March 1991, the testator had been adjudicated incompetent by the trial court. Margaret A. Mardis was appointed guardian of his person and of his estate on March 28, 1991, and appellant was later appointed her successor.

According to the terms of an earlier will, executed on August 26, 1943, the appellee was to inherit the testator's entire estate. On January 16, 1992, appellee initiated the instant action in which he alleged, *inter alia,* that the testator was of unsound mind and was subjected to undue influence and duress in connection with the revocation of the 1943 will and the execution of the 1991 will. The two discovery orders from which the appellant now appeals followed.

## FIRST ASSIGNMENT OF ERROR

In her first assignment of error, appellant maintains that trial court erred by granting appellee's motion to permit treating physicians and experts to review

---

1. The trial court also denied the executor's motion for a protective order, as it concerned the deposition of one of the testator's treating physicians, Arthur V. Gendelman, M.D.

2. Andrew P. Weierman is the testator's brother.

the testator's medical records and by denying appellant's motion for a protective order. We agree in part.

R.C. 2317.02 states, in pertinent part:

"The following persons shall not testify in certain respects:

"(B)(1) A physician or a dentist concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided in this division and division (B)(2) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.

"The testimonial privilege under this division is waived, and a physician or dentist may testify or may be compelled to testify in a civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under the following circumstances:

"(a) If the patient or the guardian or other legal representative of the patient gives express consent;

"(b) If the patient is deceased, the spouse of the patient or the executor or administrator of his estate gives express consent * * *."

The order that is the subject of this assignment provides:

"On December 17, 1992, this cause came on to be heard upon the Motion of the Plaintiff for Order Permitting Treating Physicians and Experts to Review the Medical Records of Decedent, Leo F. Weierman, for Purposes of Testifying at Trial.

"Upon consideration of evidence, the arguments and memoranda of counsel, the Court finds the same to be well taken, and grants said motion. The Court expressly reserves to itself rulings on the admissibility of any such evidence to be presented at trial."

We are persuaded that the trial court's order was too broad in that it allowed for the disclosure of privileged communications made between the testator and his physician. While the trial court, through its order, did state, in general, that it would determine the admissibility of any such evidence presented at trial, we are convinced that an *in camera* inspection by the trial court of the medical documents at issue was necessary to determine which documents were discoverable by the appellee. *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918; *Moellering v. Schweitzer Constr. Co.* (Sept. 9, 1987), Hamilton App. No. C–860654, unreported, 1987 WL 16789.

On this basis, we sustain the appellant's first assignment of error insofar as it concerns the granting of appellee's discovery motion.

## SECOND ASSIGNMENT OF ERROR

In her second assignment of error, appellant urges that the trial court erred by granting the appellee's motion for an order allowing the deposition of Louis Seiler. We are unpersuaded.

As noted above, Seiler was the attorney for the appellant in her capacity as guardian of the testator's person and estate, prior to his death.

R.C. 2317.02 further provides, in part:

"The following persons shall not testify in certain respects:

"(A) An attorney, concerning a communication made to him by his client in that relation or his advice to his client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject * * *."

The order that is the subject of this assignment declares:

"On December 17, 1992, plaintiff, by and through counsel, filed a Motion for an Order Permitting the Deposition of Lewis Seiler. * * * [T]he Court finds the same well taken as to Mr. Seiler's representation of Jane Gretnel and Margaret Mardis as guardians of Leo F. Weierman * * *."

In the instant case, the nature of Seiler's testimony is not manifest from the record. Certainly, the appellant would not and could not have argued below that every statement made by Seiler during the deposition would have constituted a privileged communication. For instance, this court, in *Heiselmann v. Franks* (1934), 48 Ohio App. 536, 2 O.O. 123, 194 N.E. 604, ruled that the testimony of an attorney as to a deceased client's sanity, based solely upon his general observations of the client, did not constitute a privileged communication.

Here, we are unwilling to overturn the trial court's order allowing the deposition of Seiler simply because he may reveal information which the appellant deems privileged. Seiler's status as the attorney for the estate's guardian, standing alone, is not sufficient to exempt him from the normal discovery procedures employed by the appellee. If a dispute arises between the parties concerning the nature of Seiler's testimony, the trial court, at that time, may determine whether specific statements amount to privileged communications.

Accordingly, we hold that the trial court did not err when it issued the order permitting the deposition of Seiler, in his capacity as attorney for the guardian.

The appellant's second assignment of error is overruled.

## CONCLUSION

We have overruled appellant's second assignment of error. We have sustained appellant's first assignment of error in part. Resultantly, the trial court's deposition order is affirmed, its medical records order is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion and law.

*Judgment accordingly.*

DOAN and GORMAN, JJ., concur.