DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Gary R. Meek, appeals from the decision of the Lorain County Court of Common Pleas, denying his motion for a protective order. We affirm.
On May 22, 1998, Mr. Meek filed a complaint against his defense attorneys, appellees John Scott Wells and Christopher Rothgery, claiming that they had committed fraud while representing him in a criminal proceeding. In the criminal proceeding, Mr. Meek pleaded guilty pursuant to a plea agreement.[1] He claimed that Mr. Rothgery told him that he would only have to serve a three and one-half year sentence if he pleaded guilty, instead of the six and one-half to twenty-six and one-half year sentence which he received as part of his plea agreement.
On February 18, 1999, Mr. Meek made a motion for a protective order, pursuant to Civ.R. 26(C), to prohibit appellees from obtaining his medical records. He argued that the issue of his mental condition was not relevant to the case and that the medical records were protected by the physician-patient privilege; therefore, Mr. Meek contends that his medical records were not discoverable. In a journal entry dated April 12, 1999, the court of common pleas denied Mr. Meek's motion for a protective order as to his medical records, stating that "[i]f [Mr. Meek] fails to provide [appellees] with a medical release authorization, [Mr. Meek] shall not be permitted to use any evidence or testify to any facts that relate to his understanding of his plea or of any communications with his counsel concerning his criminal case." This appeal followed.
Appellant asserts one assignment of error:[2]
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION FOR PROTECTIVE [sic] ORDER TO PROHIBIT APPELLEE'S [sic] FROM OBTAINING APPELLANT'S MEDICAL RECORDS, DENYING APPELLANT DUE PROCESS OF LAW.
Mr. Meek argues that the trial court abused its discretion by denying his motion for a protective order that would prohibit appellees from obtaining appellant's medical records. He asserts that his medical records are protected by the physician-patient privilege and that they have no relevance to the case sub judice, as his mental state was not at issue. We disagree.
Generally, a trial court's decision to deny or grant a protective order is a discovery issue, and we have stated that "[a] trial court enjoys considerable discretion in the regulation of discovery proceedings." Martin v. The Budd Co. (1998),128 Ohio App.3d 115. Accordingly, an appellate court must affirm a trial court's disposition of discovery issues, absent an abuse of discretion. State ex rel. The V. Cos. v. Marshall (1998),81 Ohio St.3d 467, 469. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency."Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. In addition, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In general, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]" (Emphasis added.) Civ.R. 26(B)(1).
Pursuant to R.C. 2317.02(B)(1), a physician shall not testify "concerning a communication made to the physician * * * by the physician's * * * patient in that relation or the physician's * * * advice to the patient," unless the patient is deemed to have waived the privilege. In this section, the term communication is defined as
 acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statement necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient. A "communication" may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis.
R.C. 2317.02(B)(4)(a). The Supreme Court has stated that this statute has a specific purpose and "is designed to create an atmosphere of confidentiality, which theoretically will encourage the patient to be completely candid with his or her physician, thus enabling a more complete treatment." Ohio State Med. Bd. v.Miller (1989), 44 Ohio St.3d 136, 139. Further, the privilege is intended to encourage patients to make a full disclosure of their symptoms and conditions without the fear that the information will later become public. Id. at 139-40, citing State v. Antill
(1964), 176 Ohio St. 61, 64-65. However, a patient may waive the physician-patient privilege by voluntarily testifying as to the privileged matter or by giving his or her express consent. Bakerv. Indus. Comm. (1939), 135 Ohio St. 491, 496; Long v. Isakov
(1989), 58 Ohio App.3d 46, 52. In addition, if waiver of the privilege at trial seems inevitable or reasonably probable, a party may discover privileged material prior to the waiver in order to prevent unfair surprise at trial; however, this information may not be used at trial until after waiver occurs.Garrett v. Jeep Corp. (1991), 77 Ohio App.3d 402, 409; see, also,Huzjak v. United States (N.D.Ohio. 1987), 118 F.R.D. 61, 64-65.
In the case at bar, we find that Mr. Meek's medical records are discoverable as it is reasonably probable that Mr. Meek will waive the physician-patient privilege at trial. In order to prove fraud, Mr. Meek must show that he justifiably relied upon appellees' false representation. Burr v. Stark Cty. Bd. of Commrs.
(1986), 23 Ohio St.3d 69, paragraph two of the syllabus. Mr. Meek contends that Mr. Rothgery falsely told him that if he pleaded guilty, he would receive a three and one-half years sentence. Subsequently during the plea hearing, the trial court questioned Mr. Meek on whether he understood the plea agreement:
 THE COURT: And that means that you will serve a total of not less than 6 and one-half years to a total prison term of 26 and one-half years; do you understand?
THE DEFENDANT: Yes, ma'am.
The trial court then asked Mr. Meek a series of questions regarding Mr. Meek's understanding of the rights that he would forfeit by entering a guilty plea and further inquired whether Mr. Meek's plea was voluntary, and Mr. Meek responded that he understood the plea and that the plea was voluntary. In his deposition for the case sub judice, Mr. Meek repeatedly stated that his medications adversely affected his mental acuity to the point where he could no longer understand the proceedings during which he made his guilty plea. Hence, we conclude that it is reasonably probable that Mr. Meek will argue at trial that he was unable to understand the proceedings at the plea hearing due to his medication. Therefore, we find that the trial court did not abuse its discretion by dismissing Mr. Meek's motion for a protective order and permitting appellees to discover Mr. Meek's medical records to the extent that they are relevant.[3]
Accordingly, appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT SLABY, J., CARR, J. CONCUR.
[1] Mr. Meek pleaded guilty to nine counts of rape, eleven counts of gross sexual imposition, twelve counts of corruption of a minor, and one count of sexual imposition.
[2] Appellant asserted two other assignments of error, arguing that the trial court erred in granting appellees' motion for a protective order and in denying appellant's motion to suppress his deposition. In a journal entry dated July 19, 1999, this court held that these two assignments of error were not final appealable orders and thus were not properly before this court.
[3] Mr. Meek also argues that the trial court abused its discretion by not permitting an in-camera inspection of his medical records in order to determine which records are discoverable. See Weierman v. Mardis (1994), 101 Ohio App.3d 774,776. However, after a thorough inspection of the record, we find no evidence that Mr. Meek raised the issue of an in-camera
inspection before the trial court; thus, this issue is not properly before this court.