**NEFTZER, Appellant,**

v.

**NEFTZER, Appellee.**

[Cite as *Neftzer v. Neftzer* (2000), 140 Ohio App.3d 618.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA2000–08–060.

Decided Dec. 18, 2000.

*Decatur & Lee Co., L.P.A., Caitlin Decatur* and *Joan C. Lee,* for appellant.

*Sharon Baird,* for appellee.

*Anita M. Bechmann,* guardian ad litem.

WALSH, Judge.

This cause is an accelerated appeal from the Clermont County Court of Common Pleas, Domestic Relations Division, in which plaintiff-appellant, Merri Neftzer, appeals an order of the trial court compelling several hospitals to disclose appellant's medical records to defendant-appellee, Kenneth Neftzer, Jr., appellant's estranged husband.

Appellant filed a divorce complaint in January 1999. Both parties subsequently sought custody of the parties' four children. By agreed temporary order filed April 1, 1999, the trial court designated appellant as the children's residential parent and legal custodian. On April 28, 2000, appellee served four local hospitals with subpoenas *duces tecum* ordering them to "[p]roduce any and all medical records relating to the treatment of Merri Neftzer." Appellee did not notify appellant about the subpoenas. On July 27, 2000, appellee filed a motion to compel compliance with the subpoenas. This was appellant's first notice that the subpoenas existed. On July 31, 2000, appellant filed a motion to quash the subpoenas. However, unbeknownst to her, the trial court two days earlier had ordered the hospitals to comply with the subpoenas.[1]

Appellant now appeals and raises the following two assignments of error:

Assignment of Error No. 1:

"The trial court erred when it issued an ex parte order compelling non–party hospitals to produce at the office of appellee's counsel any and all records regarding the appellant."

Assignment of Error No. 2:

"The trial court erred by failing to, at a minimum, conduct an *in camera* review of appellant's medical records in order to ascertain whether the subpoenaed medical records are causally or historically related to physical or mental injuries that are relevant to issues in the divorce action."

---

1. Following appellant's appeal of the trial court's order compelling compliance with the subpoenas, the trial court stayed its order by entry filed August 10, 2000.

Both assignments of error challenge the trial court's order compelling compliance with the subpoenas. Specifically, appellant argues that her medical records are protected from disclosure under the physician-patient privilege set forth in R.C. 2317.02, and that, consequently, the trial court erred by ordering the hospitals to disclose those records to appellee without first holding either a hearing on the discoverability of her medical records or an *in camera* inspection of the records.

■ At the outset, we agree with appellant that the trial court's order was a final appealable order on the basis of R.C. 2505.02(B)(2) and *Whiteman v. Whiteman* (June 26, 1995), Butler App. No. CA94–12–229, unreported, 1995 WL 375848, or, alternatively, on the basis of R.C. 2505.02(B)(4)(b) and *Nester v. Lima Mem. Hosp.* (2000), 139 Ohio App.3d 883, 745 N.E.2d 1153.

■ Appellee did not give notice to appellant of the subpoenas. Unlike Fed.R.Civ.P. 45(b)(1), which mandates that all parties be notified of any subpoenaed production or inspection (to ensure that the other parties' opportunity to review the subpoenaed materials is concurrent with and just as extensive as that of the party issuing the subpoena), Ohio Civ.R. 45, which governs subpoenas, does not expressly require notification of opposing counsel. Curiously, it does require the issuing attorney to "give prompt notice of [a] modification [of a subpoena] to all other parties." Civ.R. 45(A)(3).

■ Only the holder of the privilege may assert the privilege in order to suppress relevant evidence,[2] and that usually comes in the form of a motion to quash the subpoena. Civ.R. 45(C)(3)(b). However, in the absence of notification of any sort, opposing counsel may or may not learn about issuance of a subpoena or a court order requiring compliance with the subpoena, as occurred in this case.

■ We find this to be problematic when the subpoenaed documents are arguably covered by a privilege. "Providing attorneys authority to issue subpoenas * * * constitute[s] a substantial empowerment of the bar. '[N]ecessarily accompanying the evolution of this power of the lawyer as an officer of the court is the development of increased responsibility and liability for the misuse of this power.'" *Mann v. Univ. of Cincinnati* (S.D.Ohio 1993), 824 F.Supp. 1190, 1201. Allowing an attorney to subpoena arguably privileged documents without notifying opposing counsel runs the risk that the issuing attorney either engages in a "fishing expedition" or has access to any and all subpoenaed privileged documents, whether or not admissible and relevant. It is axiomatic that once privileged information is disclosed, there is no way for it to be made private once again. "Finding information to be privileged and not subject to an exception

---

2. See Weissenberger, Ohio Evidence 2001 Courtroom Manual 156, Chapter 501.

allowing for its disclosure after the fact, clearly does not afford the appealing party a meaningful or effective remedy." *Nester*, 139 Ohio App.3d at 886, 745 N.E.2d at 1155.

We recognize the workload of trial court judges and do not wish to burden them further with a requirement that they conduct hearings on every subpoena relating to privileged material. We will leave it to them to find efficient ways to protect the interests of all parties to the litigation pending in their courts involving subpoena of privileged materials.

We now address appellant's specific assignments of error. While a physician may not generally testify concerning a communication made to him by the patient, R.C. 2317.02(B)(1), the privilege does not apply when the patient files a civil action which directly places the patient's physical or mental condition at issue. R.C. 2317.02(B)(1)(a)(iii); *Whiteman*, Butler App. No. CA94–12–229, unreported. In seeking custody of the children, appellant made her mental and physical condition an element to be considered by the trial court in awarding custody. *Id.*; R.C. 3109.04(F)(1)(e). However, pursuant to R.C. 2317.02(B)(3)(a), only those communications (which include medical records) that relate causally or historically to the conditions relevant to the civil action may be discovered. See *Porter v. Litigation Mgt., Inc.* (May 11, 2000), Cuyahoga App. No. 76159, unreported, 2000 WL 573197.

While we do not believe that a hearing on the discoverability of appellant's medical records was necessary, we agree with appellant that the trial court erred by ordering the hospitals to disclose those records to appellee without first holding an *in camera* inspection of the records. We find that "the trial court's order was too broad in that it allowed unbridled disclosure of [appellant's medical records]. An *in camera* inspection by the trial court of the medical records at issue is necessary to determine which documents are discoverable by appellee. * * * Only those deemed to be causally or historically related to physical or mental injuries that are relevant to the issues in the case are discoverable." *Nester*, 139 Ohio App.3d at 887, 745 N.E.2d at 1156, citing *Weierman v. Mardis* (1994), 101 Ohio App.3d 774, 656 N.E.2d 734.

Appellant's first and second assignments of error are well taken and sustained. The judgment of the trial court is reversed, and the challenged order vacated. The matter is hereby remanded with instructions for the trial court to conduct an *in camera* inspection of the requested medical records to determine which records, if any, are pertinent to the parties' divorce action. The trial court should permit only the discovery of appellant's medical information that relates to the

custodial issue. Further, the release of any relevant medical information must be limited by a confidentiality order.

*Judgment accordingly.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.