This is an appeal of the trial court's granting of plaintiffs' motion to quash subpoenas and the denial of defendant's motion for in camera
inspection, motion to enforce subpoenas and motion to strike. The underlying action is a medical malpractice claim in which the defendants, Dr. Tsou and River Valley Health
Systems F/K/A/ Lawrence County General Hospital, filed a motion for anin camera inspection of the Lawrence County Children's Services [LCCS] records of abuse/neglect investigations and the Lawrence County Probate Court adoption records concerning plaintiff-minor, Terria Hanshaw. After subpoenas were issued, the Probate Court denied the defendants' request for production of the adoption records. River Valley filed a notice of deposition of LCCS and a request for production of documents. Plaintiffs filed a motion to quash the subpoena directed to LCCS. River Valley filed a motion to enforce the subpoenas it had issued to LCCS and the Probate Court. Defendant Tsou filed a motion to strike the Probate Court's order quashing the subpoenas. The Clerk of the Probate Court filed a motion to quash the subpoena issued to the court.
Appellee, Terria Hanshaw, filed a Motion to Dismiss asserting that the order from which this appeal is taken is not a final appealable order pursuant to R.C. 2505.02. Appellant filed a Memorandum Contra.
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of lower courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02;
Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207; Kouns v.Pemberton (1992), 84 Ohio App.3d 499. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter. An order of a court is a final and appealable order only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02. Denham v. New Carlisle (1999), 86 Ohio St.3d 594. See, also, Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86. R.C. 2505.02 provides, in part:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without
retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
The issues being appealed all concern matters of discovery. Generally, a discovery ruling is an interlocutory order, thus it is not appealable. See, generally, Neftzer v. Neftzer (2000), 140
Ohio App.3d 618; Whiteman v. Whiteman (June 26, 1995), Butler App. No. 12-229, unreported. Appellant Tsou has not established that the denial of the discovery orders in the case sub judice will foreclose him from appropriate relief in the future if not immediately appealed. Montecalvo,supra. Nor has he established, pursuant to R.C. 2505.02(B)(4)(b), that he would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. Thus, the order from which this appeal is taken is not a final one that may be reviewed by this court.
Accordingly, because this Court lacks jurisdiction to determine the merits of this appeal, we hereby DISMISS this appeal, No. 01CA6, Lawrence County.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellees recover of appellant costs herein taxed.
It is further ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, J. Concurs
Harsha, J. Not Participating
 ____________________________________ Roger L. Kline, Administrative Judge