OPINION
{¶ 1} Appellant, Lori L. Sweet ("Lori"), appeals from a judgment of the Ashtabula County Court of Common Pleas that granted a motion filed by appellee, Gregory A. Sweet ("Greg"), for the release of all of her medical records.
 {¶ 2} The parties were married on August 28, 1993, and have two minor children. On August 11, 2003, Lori filed a complaint for divorce. On May 25, 2004, the court awarded temporary custody of the minor children to Lori and granted her residential parent status. On June 30, 2004, Greg filed a counterclaim seeking sole custody of the minor children. On July 19, 2004, Lori filed a motion for appointment of a guardian ad litem for the minor children, which the court granted on July 28, 2004.
{¶ 3} On September 2, 2004, Greg filed a motion for release of Lori's medical records. In his motion, Greg stated in part "* * * [Lori] has stated in a previous deposition that she was being treated by a physician for a condition that may affect directly the care of the * * * children." In his affidavit in support of the motion, Greg stated the following: "* * * he is concerned that [Lori] may be withholding more medical information regarding her medical, mental and/or physical condition." In response, Lori filed a motion for protective order, and memorandum in opposition to the motion for release. On September 9, 2004, the trial court granted Greg's motion, and denied Lori's motion for protective order. On September 14, 2004, Lori filed a motion to stay the court's order to release her medical records, pending appeal to this court. The court granted Lori's motion to stay the release on September 15, 2004.
 {¶ 4} Lori filed a timely notice of appeal from the September 9, 2004 judgment entry and raises the following assignment of error for our review:
 {¶ 5} "The trial court committed reversible error by granting defendant Gregory Sweet's motion for plaintiff's medical records."
 {¶ 6} Under her sole assignment of error, Lori argues that the trial court erred in failing to conduct an in camera inspection to determine the relevancy of the medical records to be disclosed. We agree.
 {¶ 7} The trial court has broad discretion in regulating the discovery process and, therefore, the trial court's decisions on discovery matters will not be reversed absent an abuse of discretion. Mauzy v. Kelly Services, Inc. (1996),75 Ohio St.3d 578, 592; Kelley v. Ford Motor Credit Co. (2000),137 Ohio App.3d 12, 18. Such a standard of review mandates affirming a trial court's decision absent a showing that the court acted unreasonably, unconscionably or arbitrarily. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169. An appellate court may not substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 137-138; Wescott v. AssociatedEstates Realty Corp., 11th Dist. Nos. 2003-L-059 and 2003-L-060,2004-Ohio-6183, at ¶ 17.
 {¶ 8} Generally, a person's medical records are privileged and, thus, undiscoverable. However, R.C. 2317.02(B)(1) provides that the physician-patient privilege is waived when the patient files any type of civil action. It states as follows: "* * * [t]he testimonial privilege established under this division does not apply, and a physician or dentist may testify, or may be compelled to testify, in any of the following circumstances: (a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances: * * * (iii) If a medical claim * * * [or] any other type of civilaction * * * is filed by the patient * * *." (Emphasis added.) R.C. 2317.02(B)(1).
 {¶ 9} "`Whenever custody of children is in dispute, the party seeking custodial authority subjects him or herself to extensive investigation of all factors relevant to the permanent custody award. Of major importance * * * is the mental and physical health of not only the child but also the parents.' Emphasis added.)" Schill v. Schill, 11th Dist. No. 2002-G-2465,2004-Ohio-5114, at ¶ 47, quoting Gill v. Gill, 8th Dist. No. 81463, 2003-Ohio-180, at ¶ 18.
 {¶ 10} In the case sub judice, the discovery order was made during contested custody proceedings, in an underlying divorce action. In seeking custody of the minor children, Lori's mental and physical condition, as it relates to her ability to parent her children, constituted one of the criteria to be considered by the court, under R.C. 3109.04(F)(1)(e), and Lori waived the physician-patient privilege, but solely in regard to that issue.
 {¶ 11} This court must note that her waiver is not a complete abrogation of the physician-patient privilege. R.C.2317.02(B)(3)(a) limits discoverable communications. It provides in relevant part: "If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled * * * to submit to discovery under the Rules of Civil Procedure only as to a communication * * * that related causally or historically to physical or mental injuries that are relevant to issues in the * * * civil action * * *." R.C.2317.02(B)(3)(a). Thus, Greg may discover Lori's communications to her physicians, including medical records, but only those that relate causally or historically to a condition relevant to the custody issue.
 {¶ 12} Upon review of the record, we agree that the trial court erred by ordering the release of all of her medical records without first conducting an in camera hearing for inspection of the records.
 {¶ 13} Generally, when there is a dispute over whether certain medical records are causally or historically related to the issues in the case, a trial court should conduct an in camera inspection of those records in order to make its determination. See Neftzer v. Neftzer (2000), 140 Ohio App.3d 618, 622;Nester v. Lima Mem. Hosp. (2000), 139 Ohio App.3d 883, 887;Weierman v. Mardis (1994), 101 Ohio App.3d 774, 776; Tranglev. Rojas, 150 Ohio App.3d 549, 2002-Ohio-6510, at ¶ 35 (it is incumbent on a trial court to conduct an in camera review of allegedly privileged material which may be discoverable). This inspection serves two functions: "[f]irst, it allows the trial court to make an informed decision as to the evidentiary nature of the material in question rather than depending on the representations of counsel. Secondly, the in-camera inspection allows the trial court to discern that aspect of the evidence, which has evidentiary value from that which does not, as well as to allow the trial court to restrict the availability of that evidence, which has limited evidentiary value." Patterson v.Zdanski, 7th Dist. No. 03 BE 1, 2003-Ohio-5464, at ¶ 18, citingState v. Geis (1981), 2 Ohio App.3d 258, 260.
 {¶ 14} The party opposing the discovery request has the burden to establish that the requested information would not reasonably lead to discovery of relevant admissible evidence.State ex rel. Fisher v. Rose Chevrolet, Inc. (1992),82 Ohio App.3d 520, 523. Thus, prior to conducting an in camera inspection of the material, "`the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person' that in camera review of the materials may reveal evidence establishing an applicable privilege or that the privilege is outweighed by other rights." State v. Hoop (1999),134 Ohio App.3d 627, 639, quoting United States v. Zolin
(1989), 491 U.S. 554, 572. Upon a showing of a good faith belief that a review of the materials may reveal privileged material, it is necessary for the court to conduct an in camera inspection of those materials.
 {¶ 15} In the case sub judice, Lori filed a motion for protective order, and a memorandum in opposition to the motion for release. Lori asserted that Greg's motion for release was a "fishing expedition," founded upon harassment. Lori noted that by requesting the release of her medical records, the motion was unlimited as to the nature of her medical records to be disclosed. Further, the motion for release failed to specify any prescribed time period for the medical records sought by Greg. Thus, Lori requested the court to conduct an in camera inspection of all of her medical records to determine the relevancy of her medical information to the custody and divorce proceedings.[1]
 {¶ 16} Upon review, we find that Lori met her burden to establish a good faith belief that the release of her medical records may reveal privileged information, i.e., evidence not relating causally or historically to mental or physical conditions relevant to the custody issues. Further, Greg's blanket discovery request for release of all of Lori's medical records is overly broad on its face, and sufficient to support Lori's burden that the requested information would not reasonably lead to the discovery of relevant admissible evidence. In its order, the court granted unlimited access to all of "Lori's medical records," presumably from birth forward, including all thirty-five years of her life. The medical information to be released includes all pre-marital medical records ranging from Lori's childhood years through her adult life, without reference to any particular medical condition related to custody issues. This fact alone establishes a basis to support a finding by the court of a good faith belief by a reasonable person that an in camera inspection of materials may reveal applicable privileged evidence. Further, we note that to require the production of thirty-five years of medical records relative to a custody proceeding without first conducting an in camera inspection or otherwise restricting the request to issues of relevancy, places an undue burden on medical facilities and medical providers in order to comply with such requests. It is clear that the court could not have reasonably determined that all of Lori's medical records were discoverable without conducting an in camera hearing. Neftzer at 622 (holding that an in camera inspection was required when the "`trial court's order was too broad in that it allowed unbridled disclosure of [appellant's medical records]. * * * Only those deemed to be causally or historically related to physical or mental injuries that are relevant to the issues in the case are discoverable.'") (Citations omitted.)
 {¶ 17} Based upon the foregoing, we conclude that the trial court abused its discretion by ordering all Lori's medical records be released without first conducting an in camera inspection of the medical record information. Lori's sole assignment of error is with merit.
 {¶ 18} Accordingly, the judgment of the trial court is reversed, and this case is remanded, with instructions for the trial court to conduct an in camera inspection of the requested medical records to determine which records, if any, are relevant to the parties' custody action. Specifically, the court should only permit the discovery of medical records that relate causally or historically to a condition relevant to the issue of custody. Further, the discovery of any relevant medical information must be subject to a confidentiality order.
O'Neill, J., concurs, Grendell, J., dissents with a Dissenting Opinion.
[1] Lori further requested that the in camera inspection be conducted "by a female judge or magistrate." However, Lori fails to present any argument in support of this request and we find no basis in the law to support it. Thus, we shall not consider this issue in her assignment of error.