[Cite as *Montei v. Montei*, 2016-Ohio-8190.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| GRETCHEN M. MONTEI, nka WELLS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 06-DR-568 |
| | : | |
| JAMIE H. MONTEI | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th December, 2016.

. . . . . . . . . .

WILLIAM WEST, Atty. Reg. No. 0018465, 20 South Limestone Street, Suite 120, Springfield, Ohio   45502
        Attorney for Plaintiff-Appellee

BEVERLY FARLOW, Atty. Reg. No. 0029810, and KONSTANTIN MATEJIC, Atty. Reg. No. 0090697, 270 Bradenton Avenue, Suite 100, Dublin, Ohio 43017
        Attorneys for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

        {¶ 1} Appellant, a potential witness, but not a party, in post-decree proceedings in

this divorce case, intervened to assert the physician-patient privilege regarding the production of his medical records. The trial court ruled that the witness' pursuit of a subsequent separate civil action regarding breach of confidentiality of the medical records, alleged to have occurred in the post-decree proceedings, waives his physician-patient privilege in the ongoing post-decree proceeding. The witness appeals that determination.

{¶ 2} The original parties were divorced in August 2007 when their daughter was three years old. At that time, they agreed to a shared-parenting plan. Significant disputes have arisen concerning the shared parenting, including those indicated in a prior appeal, *Montei v. Montei,* 2d Dist. Clark No. 2013 CA 24, 2013-Ohio-5343, and several motions for modification of the parenting arrangement have been filed.

{¶ 3} The trial court's Entry filed December 4, 2015 describes the circumstances that bring this case before us:

On September 29, 2014, Ms. Wells [mother] filed a Motion seeking to terminate the aforementioned Shared Parenting Order and designate her as the sole residential parent and legal custodian for the parties' daughter. Ms. Wells also filed a Motion May 19, 2015, seeking a modification of parenting time.

On January 2, 2015, Mr. Montei [father] filed his own Motion seeking to modify (but not terminate) the existing shared parenting arrangement. On March 2, 2015, Mr. Montei also filed a Motion seeking an Order from this Court finding Ms. Wells in contempt for the reasons set forth therein.

The aforementioned Motions filed by both of the parties are the

subject of the most recent litigation herein.

The filing of these Motions require this Court to consider the "best interest" of the parties' daughter as defined by O.R.C. 3109.04.

On March 4, 2015, this Court singed an Entry submitted on Plaintiff's behalf obligating the Upper Valley Medical Center to disclose possible protected health information relating to treatment and care provided to a minor child who resides in Mr. Montei's household along with that child's mother * * * [father's girlfriend]. Mr. Montei is not the biological father of this child.

On April 10, 2015, Mr. Montei filed a Motion with this Court seeking a Protective Order concerning the aforementioned medical records which, by that time, had already been obtained and submitted to the original Guardian Ad Litem herein. That Guardian Ad Litem submitted an initial report and made reference to the aforementioned records in her report, although she did not attach them. Eventually, that Guardian Ad Litem returned those records to Mr. Montei's attorney and kept no copies thereof. This Court has never reviewed any of the aforementioned records. Similarly, the current Guardian Ad Litem has also never reviewed any such records.

On June 16, 2015, [father's girlfriend] filed a civil lawsuit in the General Division of the Clark County Common Pleas Court * * * relating to the release and distribution of the aforementioned health care records of [girlfriend's] son. * * *. [A]ttached to the Complaint filed on behalf of

[girlfriend] is the report and recommendation submitted to this Court by the original Guardian Ad Litem herein. As mentioned, that report makes reference to the health care records for [girlfriend's] son in some detail, however, the report does not have any of those records attached to it as an exhibit.

(Doc. #125, Entry filed December 4, 2015).

{¶ 4} In addition to the trial court's rendition, we note that the issue about the medical records arose when on February 5, 2015 counsel for the mother submitted a form to the Clark County Clerk requesting the issuance of a subpoena to Upper Valley Medical Center for an appearance at the then-scheduled March 3, 2015 hearing and to bring all records for girlfriend's son from an identified time period. The subpoena contained a statement that in lieu of appearing the records could be mailed to plaintiff's counsel by February 23, 2015.

{¶ 5} In the memorandum in support of father's motion for removal of the GAL filed April 10, 2015, it is represented that an attorney for Premier Health sent an e-mail to plaintiff's attorney on February 25, 2015, indicating that a court order would be required to release the Upper Valley medical records. (Doc. #112). Thereafter, the trial court's March 4, 2015 entry was filed ordering Upper Valley Medical Center to disclose the requested records. (Doc. 108). Counsel for father disclaimed any knowledge of the subpoenas, the e-mail, and the court entry until after learning the records were sent to mother's counsel, shared with the GAL, and a GAL report was issued making reference to the medical records. The subpoena for the records and the March 4, 2015 court entry do not contain any indications that they were served on counsel for father. The GAL who

had access to, and who had referenced information from the records in her report, has since become employed as a magistrate, resulting in the appointment of a new GAL who, as indicated in the December 4, 2015 entry, has not reviewed the records.

**{¶ 6}** Also filed on April 10, 2015 was a Motion for a Protective Order regarding the records.[1] (Doc. # 113). This motion evidently prompted the voluntary return of the records to counsel for father who is also counsel for the patient.

**{¶ 7}** In its December 4, 2015 entry, the trial court further concluded, after it "independently reviewed the civil Complaint filed by [father's girlfriend] on June 16, 2015 which seeks judgment against the Defendants named therein for alleged breach of confidentiality relating to medical information [etc.],"[2] that the independent civil action effectively acted as a waiver of privilege of the records of her son and that if she continued to pursue that action the court would order an in-camera review to determine what information would be discoverable and admissible.

**{¶ 8}** After a February 3, 2016 telephone status conference, the trial court's Entry, filed February 5, 2016, reflected that father's girlfriend still intended to pursue the civil claim. The trial court then ruled that privilege had been waived and ordered counsel to provide the records to the court for an in-camera review. This appeal followed.[3]

**Pursuit of Litigation In One Case Does Not Necessarily Waive**

---

[1] The docket indicates the motion was fax-filed April 10, 2015. The original copy is file-stamped April 14, 2015.

[2] That civil complaint is not in our record.

[3] It further appears that the potential witness is now an adult and is pursuing the civil action on his own behalf.

**Privilege Regarding Litigator's Medical Records in Another Case**

{¶ 9}   Appellant's first assignment of error states: "THE TRIAL COURT ERRED BY DETERMINING THE PRIVILEGE OVER THE MEDICAL RECORDS AT ISSUE WAS WAIVED BY THE FILING OF A SEPARATE LAWSUIT."

{¶ 10}   Medical records in Ohio generally are statutorily privileged from disclosure. R.C. 2317.02(B); *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 14. The testimonial physician-patient privilege codified in the statute has been held to encompass confidentiality of one's medical records. *Hageman v. Southwest Gen. Health Ctr.*, 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153, ¶ 9. One portion of the statute, R.C. 2713.02(B)(5)(a), includes medical records in the definition of a protected "communication."   There are, however, exceptions to confidentiality in the statute itself. The privilege does not apply under R.C. 2317.02(B)(1)(a) "[i]n any civil action, * * * under any of the following circumstances: * * * (iii) If a medical claim, * * * an action for wrongful death [or] * * *, any other type of civil action, * * * is filed by the patient * * *."   But even if the civil-action-filed-by-the-patient exception to confidentiality applies, the extent of the disclosure is further limited by R.C. 2317.02(B)(3)(a), which states:

"If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician * * * may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician * * * by the patient in question in that relation, or the physician's * * * advice to the

patient in question, that related causally or historically to physical or mental injuries that * * * are relevant to issues in the medical claim,* * * action for wrongful death, [or] * * * other civil action.

Accordingly, the pursuit of a civil action wherein physical or mental injuries are causally or historically related to the issues that arise in that case is effectively treated as a waiver of privilege with regard to those conditions.

{¶ 11} In *Menda v. Springfield Radiologists*, 136 Ohio App.3d 656, 737 N.E.2d 590 (2d Dist.2000), we held that the effective waiver of the physician-patient privilege due to a civil action filed by the patient, that puts the plaintiff's mental or physical health at issue in that case, also extends that waiver of privilege to an unrelated prior and separate lawsuit. However, we later observed that "our holding in *Menda* has most probably been overruled by the decision of the Supreme Court of Ohio in *Hageman v. S.W. Gen. Health Ctr.* [, 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153]." *State v. Branch*, 2d Dist. Montgomery No. 22030, 2009-Ohio-3946, ¶ 77. *Hageman* involved parties involved in a divorce and counterclaim, with competing claims for custody of a minor child. While the custody claims were pending, the wife separately filed for a Civil Protection Order (CPO). In preparation for the full hearing on the CPO, wife's attorney subpoenaed records from husband's psychiatrist, believing that privilege had been waived by the prior and separate filing of the counterclaim for custody in the divorce case. Wife's attorney also shared the medical records with a prosecutor who was an observer at the CPO hearing. The *Hageman* plurality opinion specifically states "when the cloak of confidentiality that applies to medical records is waived for the purposes of litigation, the waiver is limited to that case" and that "waiver of medical confidentiality for litigation purposes is limited to the

specific case for which the records are sought * * *." *Hageman* at ¶ 17.

{¶ 12} In the present case, we are concerned about the asserted waiver of privilege due to having filed a separate civil action for three reasons. First, the asserted waiver by filing a separate action occurred well after the initial release of the medical records in a case where the patient was not a party. Second, the separate civil action here was filed to protect the privilege or to seek damages for the alleged breach of confidentiality that occurred in the first case. Third, under *Hageman* the waiver by filing a civil action extends only to that civil action.

{¶ 13} The custody-related motions in the domestic relations case bring into question the best interests of the parties' child, which in turn makes relevant the "interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest," R.C. 3109.04(F)(1)(c), which includes "the mental and physical health of all persons involved in the situation." R.C. 3109.04(F)(1)(e). Those provisions could make relevant the mental and physical health of someone residing in the household of either parent who participates in the shared-parenting arrangement. But neither father's girlfriend nor her son is a party in the domestic relations case. When her son's records were subpoenaed and obtained, there was no civil action filed by or on behalf of the patient to support a waiver of the privilege regarding the medical records. We fail to see how the subsequent filing of a case directed at recovery of damages for a breach of confidentiality can constitute a waiver of the same confidentiality the patient seeks to protect. If the filing of a separate civil action specifically directed at recovery for breach of confidentiality of medical records is deemed to waive the privilege regarding those very records, then anyone pursuing a civil action seeking

redress for breach of confidentiality automatically would be exposing the same confidential information he seeks to protect. Finally, our interpretation of *Hageman* is that the waiver of privilege by filing the civil claim for breach of confidentiality only waives privilege to the extent the privileged information may be causally or historically related to the claims *in that case*.

{¶ 14} We hold that filing a civil action to recover for an alleged breach of confidentiality of medical records that occurred in prior litigation in which the patient was not a party does not function as a waiver of confidentiality allowing disclosure of those records in the prior litigation. Accordingly, Appellant's first assignment of error is sustained.

{¶ 15} Appellant's second assignment of error states: "IF THIS COURT FINDS THAT MENDA IS STILL APPLICABLE, THEN THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THE MEDICAL RECORDS AT ISSUE ARE CAUSALLY OR HISTORICALLY RELATED TO CASE NO. 15-CV-0416 ALLOWING FOR THE WAIVER OF PRIVILEGE IN THIS MATTER."

{¶ 16} Based on our determination above that filing a separate civil action to recover for an alleged breach of confidentiality of medical records did not result in a waiver of confidentiality in the prior litigation, we need not address the Appellant's second assignment of error. Pursuant to App.R. 12(A)(1)(c), the second assignment of error is overruled as moot.

**Conclusion**

{¶ 17} Having sustained the Appellant's first assignment of error, we reverse the trial court's February 5, 2016 judgment regarding the waiver of privilege and remand the

cause for further proceedings.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

William West
Beverly Farlow
Konstantin Matejic
Hon. Thomas J. Capper