[Cite as *Bokma v. Raglin*, 2022-Ohio-960.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

KAREN SUE BOKMA                          :
                                         :
        Plaintiff-Appellant              :     Appellate Case No. 29250
                                         :
v.                                       :     Trial Court Case No. 2020-CV-186
                                         :
DAMION T. RAGLIN, et al.                 :     (Civil Appeal from
                                         :      Common Pleas Court)
        Defendants-Appellees             :
                                         :

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2022.

. . . . . . . . . . .

JACK J. LAH, Atty. Reg. No. 0078474, 3033 Kettering Boulevard, Suite 213, Dayton, Ohio
45439
        Attorney for Plaintiff-Appellant

TIMOTHY P. HEATHER, Atty. Reg. No. 0002776, 300 Pike Street, Suite 500, Cincinnati,
Ohio 45202
        Attorney for Defendants-Appellees

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Plaintiff-Appellant Karen Sue Bokma appeals from the judgment of the Montgomery County Court of Common Pleas which ordered her to sign medical record authorization forms that would enable Defendant-Appellee Allstate Fire and Casualty Insurance Company to obtain access to Bokma's medical records dating back to February 1, 2008. For the reasons that follow, the judgment of the trial court will be affirmed.

I.       **Facts and Procedural History**

**{¶ 2}** On February 1, 2018, Bokma was involved in a car crash in which the at-fault driver was uninsured. As a result of the crash, Bokma was injured, and her vehicle was damaged. Her uninsured motorist carrier was Allstate.

**{¶ 3}** On January 15, 2020, after unsuccessful settlement negotiations with Allstate, Bokma filed suit against Damion T. Raglin (the driver of the car), Allstate, and The Rawlings Company, LLC, and alleged that she suffered "severe and permanent injuries" as well as "great pain and suffering, both physical and emotional[.]" As the suit progressed, the parties came to an impasse regarding medical records. Allstate insisted that Bokma authorize the release of all her medical records dating back to early 2008. According to the briefs, Bokma objected to that request on the basis that the records would contain information about psychological and psychiatric treatment as well as physical conditions that were not at issue in the suit. According to Bokma, some of the records would be privileged, and thus discovery would be inappropriate.

**{¶ 4}** On September 2, 2021, the trial court issued an order requiring Bokma to sign all authorizations submitted by Allstate no later than September 8, 2021. She refused to sign, and instead, filed an affidavit claiming that she "did not suffer emotional or

psychological trauma as a result of the crash." Relatedly, the affidavit stated that she did not "waive the physician-patient privilege as it extends to any portion of [her] medical history that is not causally and historically related to the bodily injuries" suffered in the crash. That same day, Bokma filed an appeal with this Court in which she raises two assignments of error.

## II.    Discovery Dispute and Court Order

{¶ 5} In both her first and second assignments of error, Bokma argues that the trial court's order that she must sign medical authorizations should be reversed. Bokma asserts that the trial court should have limited the discovery order to only those records causally and historically related to the lawsuit. Practically speaking, she does not want to be made to turn over medical records that relate to mental health issues as she believes those to be privileged.

Final Appealable Order

{¶ 6} Both parties spend considerable time and effort in their briefs arguing about the appealability of the trial court's order, so before the merits of the case can be decided, we must first determine whether it is properly before us.

{¶ 7} In general, trial court orders addressing discovery matters are not immediately appealable as they are interlocutory in nature. *Miller v. State Farm Mut. Auto. Ins. Co.,* 2015-Ohio-280, 27 N.E.3d 980, ¶ 10 (9th Dist.). The legislature, however, has carved out an exception to the general rule when it comes to the disclosure of privileged matters. R.C. 2505.02(B). Under R.C. 2505.02(B)(4), an order is final and appealable if it grants or denies a provisional remedy and both of the following apply: (1) the order in effect determines the action with respect to the provisional remedy and prevents a

judgment in the action in favor of the appealing party with respect to the provisional remedy; and (2) the appealing party would not be afforded a meaningful remedy by an appeal following final judgment. A provisional remedy is defined as "a proceeding ancillary to an action, including * * * discovery of privileged matter." R.C. 2505.02(A)(3).

{¶ 8} It is well established that "an order requiring the production of information protected by * * * privilege causes harm and prejudice that inherently cannot be meaningfully and effectively remedied by a later appeal." *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 2; *Barrow v. The Living Word-Dayton*, 2d Dist. Montgomery No. 27935, 2018-Ohio-4641, ¶ 15; *Harvey v. Cincinnati Ins. Co.*, 2d Dist. Montgomery No. 27470, 2017-Ohio-9226, ¶ 6. In that situation, where privileged information has been released, "the proverbial bell cannot be unrung." *Randall v. Cantwell Mach. Co.*, 10th Dist. Franklin No. 12AP-786, 2013-Ohio-2744, ¶ 7.

{¶ 9} Nevertheless, Allstate argues that because the order did not contain the Civ.R. 54(B) "no just reason for delay" certification, it was not a final appealable order. While it is true in most situations that Civ.R. 54(B) certification is necessary, it is not applicable here. The Ohio Supreme Court has on more than one occasion affirmed the idea that finality is judged by R.C. 2505.02, and *if applicable*, Civ.R. 54(B). *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593; *CitiMortgage, Inc. v Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E. 3d 1140.

{¶ 10} Civ.R. 54(B) is not pertinent to the analysis of provisional remedies like the discovery order in this case because the trial court did not enter a final judgment as to one or more but fewer than all of the claims or parties; it, instead, ordered materials to be produced during pretrial discovery. *Dayton Children's Hosp. v. Garrett Day, LLC.*, 2018-

Ohio-5466, 131 N.E.3d 304, ¶ 14-16 (2d Dist.); *State ex rel. Butler Cty. Children Servs. Bd. v. Sage*, 95 Ohio St.3d 23, 25, 764 N.E.2d 1027 (2002) ("[A]n order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B).").

{¶ 11} Accordingly, we conclude that the trial court's order is properly before us.

Standard of Review

{¶ 12} Where a discovery dispute involves privilege, we are presented with a mixed question of law and fact. Whether the privilege statute applies is a question of law which we review de novo. *Karimian-Dominique v. Good Samaritan Hosp.*, 2019-Ohio-2750, 139 N.E.3d 1237, ¶ 15 (2d Dist.). Whether specific medical records are "related causally or historically to physical or mental injuries that are relevant to the issues" is a factual issue which we review under an abuse of discretion standard. *Id.* at ¶ 16. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232, 466 N.E.2d 875 (1984).

Analysis

{¶ 13} Bokma's chief argument as to why the trial court erred in issuing the discovery order is that it was overly-broad and would force her to disclose psychological/psychiatric records that are privileged.

{¶ 14} Under Civ.R. 26(B), parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending litigation. *Karimian-Dominique* at ¶ 11. "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Civ.R. 26(B)(1).

{¶ 15} Medical records are generally privileged from disclosure under R.C. 2317.02(B)(1); however, "the pursuit of a civil action wherein physical or mental injuries are causally or historically related to the issues that arise in that case is effectively treated as a waiver of privilege with regard to those conditions." *Karimian-Dominique* at ¶ 13, quoting *Montei v. Montei*, 2d Dist. Clark No. 2016-CA-12, 2016-Ohio-8190, ¶ 10. Conversely, privilege is not waived for records that are not related to the claim. *Id.* The physician-patient privilege under R.C. 2317.02 also extends to communications between a licensed psychologist and client. *Id.* The pivotal question before us, then, is whether Bokma waived the privilege regarding her mental health records by filing this action. We find that she did.

{¶ 16} In Bokma's complaint, filed on January 15, 2020, she alleged (in her first claim for relief) that "[a]s a proximate result of the negligence of Defendants, * * * [she] sustained injuries and damages as follows: (a) Severe and permanent injuries; (b) Great pain and suffering, ***both physical and emotional***[.]" (Emphasis added.) Based on the plain language of her complaint, Bokma was seeking redress for both physical and emotional pain and suffering caused by the crash with Damion Raglin, the uninsured driver. The fact that she explicitly stated that she suffered both physical ***and*** emotional pain and suffering waived her doctor-patient privilege for medical records of both the physical and psychological/psychiatric varieties. Both categories of medical records were causally and historically related to the injuries claimed in the suit. Accordingly, Bokma's first assignment of error is overruled.

### III.    In Camera Review

{¶ 17} In her second assignment of error, Bokma alleges that the trial court

committed reversible error when it failed to do an in-camera review of the disputed documents, and she asks this Court to reverse the trial court's decision which ordered her to sign the medical authorization forms. Because we find no error in the trial court's order, and because there is no indication in the record that Bokma filed a motion for an in-camera review, this assignment of error is overruled as well.

### IV.    Conclusion

{¶ 18} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Jack J. Lah
Timothy P. Heather
Hon. Richard S. Skelton