[Cite as *Higbee v. Higbee*, 2014-Ohio-954.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK   COUNTY**

| | | |
|---|---|---|
| BALINDA J. HIGBEE | : | |
| | : | Appellate Case No. 2013-CA-81 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-DR-758 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| RUSSELL E. HIGBEE, JR. | : | Court, Domestic Relations) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of March, 2014.

. . . . . . . . . . .

CHERYL R. WASHINGTON, Atty. Reg. #0038012, 130 West Second Street, Suite 450, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellant

TERRI L. PARMLEY, Atty. Reg. #0040653, 333 North Limestone Street, Springfield, Ohio 45503
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    In this divorce action, Balinda Higbee appeals the trial court's interlocutory order that she execute HIPAA (Health Insurance Portability and Accountability Act)

authorization forms that allow the disclosure of her health information to the appellee, Russell Higbee. The trial court did not abuse its discretion by finding that the information is relevant to the spousal-support issues in this action; therefore, the information is not protected by the physician-patient privilege and may be ordered to be the subject of discovery. We affirm.

## I. FACTS

{¶ 2}     In August 2012, after 18 years of marriage, Balinda filed for divorce. She requested spousal support and moved for temporary spousal support. At the hearing on temporary orders, Balinda testified that she has various health conditions, and she said that she has little earning ability because she is disabled and therefore unable, or at least limited in her ability, to work.

{¶ 3}     Russell served Balinda with numerous requests for discovery, including a request that she execute a HIPAA authorization form, provided by Russell, for each doctor who had diagnosed her with a health condition that she claimed to have. Russell also asked her to execute an authorization form for each hospital and medical facility in which she underwent surgery or any other procedures or tests during the last three years. Balinda did not respond to any discovery requests, nor did she ask the trial court for a protective order.

{¶ 4}     Russell moved to compel discovery, and a pretrial conference was had to address discovery issues. On August 13, the trial court, without giving a rationale, ordered Balinda to execute 14 HIPAA authorization forms. On August 22, Balinda filed a motion asking the court to reconsider its order. The court denied her reconsideration motion on September 10 and in its entry explained its rationale for the August order.

{¶ 5}     On September 13, Balinda appealed.

## II. ANALYSIS

{¶ 6}     The sole assignment of error alleges that the trial court erred by ordering Balinda to execute the HIPAA authorization forms. Before getting to the merits of this appeal, we must address a jurisdictional issue.

### A. The timeliness of the appeal

{¶ 7}     Russell contends that we do not have jurisdiction over this appeal because it is untimely. By rule, a party must file a notice of appeal within 30 days of the "order appealed," App.R. 4(A), a period of time that may not be enlarged, App.R. 14(B). Here, the notice of appeal says that the appeal is from both the August 13 order and the September 10 denial. Since the notice was filed 31 days after the August order but only three days after the September denial, the question is whether the September denial may be considered the "order appealed." Russell says no. He says that the September denial merely gives the trial court's rationale for its original (August) order. Russell says that the August order is the one that requires Balinda to execute the authorizations and is the order that she is challenging on appeal.

{¶ 8}     We have exercised our jurisdiction before in cases like this one. In *State v. Lucas*, 2d Dist. Montgomery No. 20052, 2004-Ohio-4929, after the defendant was arrested, money that had been seized from him was ordered forfeited. The defendant filed a motion for return of the money, and the trial court denied it. About two weeks later, the defendant filed a motion for reconsideration of the court's decision, and the court overruled it the next day. The defendant appealed the denial a couple of weeks later but 39 days after the trial court had denied his original motion. We said that the defendant had "timely appealed the trial court's decision to overrule his motion to reconsider," though he had not "timely appeal[ed] the trial court's original decision denying his motion." *Lucas* at ¶ 7. Here, Balinda timely appealed the denial of her motion for

reconsideration, which is the one that includes a rationale for the court's decision; therefore, like we did in *Lucas*, we determine that we have jurisdiction.[1]

## B. The Challenged Order

{¶ 9}    By statute, in making spousal-support determinations a court must consider, among other factors, "[t]he relative earning abilities of the parties," R.C. 3105.18(C)(1)(b), and their "physical, mental, and emotional conditions," R.C. 3105.18(C)(1)(c). Here, as the trial court said in its September entry, by seeking spousal support and claiming a disability that limits her earning ability, Balinda has made her health an issue in this action. Balinda acknowledges that some of her health information is relevant and discoverable. But she argues that the authorization form allows the disclosure of irrelevant information too. Balinda contends that the authorization should be more narrowly tailored to filter out irrelevant information.

{¶ 10}    Parties may obtain discovery of any matter that is relevant to the action and that is not protected by a privilege. Civ.R. 26(B)(1). Generally, health information is protected from disclosure by the physician-patient privilege, codified in R.C. 2317.02. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237,  ¶ 14. But a plaintiff in an action waives the physician-patient privilege with respect to health information "that [is] related causally or historically to physical or mental injuries that are relevant to issues in the * * * civil action." R.C. 2317.02(B)(3)(a); *see also* R.C. 2317.02(B)(1)(a)(iii).

{¶ 11}    Whether particular health information is relevant is a question of fact that we review for abuse of discretion. *See Bogart*, 2010-Ohio-4526, at ¶ 24. "It is to be expected that

---

[1]This interlocutory order is a "final order" under R.C. 2505.02(B)(4), since it is "[a]n order that grants or denies a provisional remedy * * *." *Compare Bogart v. Blakely*, 2d Dist. Miami No. 2010 CA 13, 2010-Ohio-4526 (a similar interlocutory appeal).

most instances of abuse of discretion will result in decisions that are simply unreasonable * * *." *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id*. The question here, then, is whether the trial court abused its discretion by finding that the health information that the authorization form allows to be disclosed is relevant to the issues in this action.

{¶ 12}  The authorization form here is directed to the doctors who diagnosed Balinda with a variety of conditions that she claims to have, any one of which may affect her assertion that she is disabled, and to the hospitals and medical facilities in which she underwent surgery or any other procedures or tests during the last three years. The form authorizes the disclosure of "any medication records, medical charts, reports and files, billing information, radiographic imaging reports and films, pathology slides and other reports and data compilations concerning office, clinic, hospital, emergency room or outpatient diagnosis, care and treatment rendered to [Balinda], at any time, and with no limitation." And "[t]his Authorization permits release * *  * o[f] information, <u>IF</u> such information exists, relating to testing and/or treatment of mental, behavior and/or psychiatric, alcohol or drug abuse, sexually-transmitted disease, HIV, AIDS, or AIDS-related conditions, including specifically, but not limited to, records contemplated by 42 U.S.C. § 290 dd-3 and §290 ee-3 [which concern records for alcohol abuse and alcoholism programs]." (Emphasis sic.).

{¶ 13}   Based on the record here, we cannot say that the health information covered by the authorization form is irrelevant to the spousal-support issues in this action. It was Balinda who filed this action for divorce, and it is she who seeks spousal support, claiming that her health

affects her earning ability. A transcript of the temporary-orders hearing is not in the record, so we do not know exactly what Balinda said about her health. Neither does the App.R. 9(C) statement of the evidence or proceeding shed much light on what she said. Nevertheless, as a general matter, any health information of the parties may be relevant to their "physical, mental, [or] emotional" health and to their "relative earning abilities." And we have said that the disclosure of an item may be ordered if the item "'might be within the ambit'" of the plaintiff's physician-patient-privilege waiver. *Bogart* at ¶ 34, quoting *Horton v. Addy*, 2d Dist. Montgomery No. 13524, 1993 WL 15631 (Jan. 25, 1993). It is reasonable to conclude that the health information covered by the authorization form is at least "within the ambit" of Balinda's privilege waiver. *Compare id.* at ¶ 62 (saying that "[g]iven [the appellant]'s extensive allegations [of injuries]," the health information sought might be "within the ambit" of the appellant's waiver).[2]

{¶ 14}  We further note that discovery is an issue separate from the question of whether evidence may be admissible at trial or even if it can be disclosed outside the litigation. Those are matters properly reserved to the sound discretion of the trial court on appropriate motion which is not before us at this juncture.

{¶ 15}  The sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . .

---

[2] Balinda also objects to the authorization form's statement that her medical information "may be subject to unauthorized re-disclosure, and then may no longer be protected by federal confidentiality rules." This statement is required by HIPAA regulations. *See* 45 CFR 164.08(C)(2)(iii) (providing that a valid authorization must contain a statement that adequately notifies the person signing the authorization about "[t]he potential for information disclosed pursuant to the authorization to be subject to redisclosure by the recipient and no longer be protected by this subpart").

FROELICH, P.J., and DONOVAN, J., concur.


Copies mailed to:

Cheryl R. Washington
Terri L. Parmley
Hon. Thomas J. Capper