[Cite as *Friedenberg v. Friedenberg*, 2019-Ohio-325.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BELINDA J. TORRES FRIEDENBERG, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-L-149** |
| KEITH A. FRIEDENBERG, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2016 DR 000136.

Judgment: Affirmed.

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., L.P.A., 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Gary S. Okin*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Belinda J. Torres Friedenberg, appeals from the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, permitting the release of her medical records to defense counsel, subject to a protective order. The issue to be determined by this court is whether the physician-patient privilege prevents the disclosure of medical/mental health records to the opposing party in divorce proceedings where custody and spousal support are at issue. For the following reasons, we affirm the judgment of the lower court.

{¶2} Belinda and defendant-appellee, Keith A. Friedenberg, were married in June 1991. They had four children during their marriage.

{¶3} On March 7, 2016, Belinda filed a Complaint for Divorce, Child Support, Spousal Support, Temporary Restraining Orders, Attorney Fees, and Other Equitable Relief. Keith filed an Answer and Counterclaim on May 2, 2016.

{¶4} On August 24, 2016, Keith's counsel issued subpoenas to mental health professionals and doctors at the Cleveland Psychoanalytic Center relating to their treatment of Belinda. Belinda filed a Motion to Quash Subpoena Duces Tecum and Motion for Protective Order on October 11, 2016, contending that her medical records were protected by physician-patient privilege. Keith filed a Motion to Compel and Brief in Opposition, in which he argued that he should be permitted access to the requested records as the claims for custody and spousal support constituted an exception to the privilege doctrine.

{¶5} In an October 27, 2016 Order, the magistrate denied Belinda's Motions and ordered that the records in question be presented to the court. Belinda moved to set aside this Order, which request was denied by the trial court.

{¶6} On May 10, 2017, Keith filed a Motion to Compel Discovery, arguing that Dr. Anna Janicki of the Cleveland Psychoanalytic Center had not responded to the subpoena. The court subsequently issued an Order to Appear and Show Cause to Dr. Janicki. On September 21, 2017, Keith filed a Motion for Release of records, indicating that he believed Dr. Janicki submitted records to the magistrate for review in July 2017 and was entitled to the release of said records.

{¶7} On October 16, 2017, the magistrate issued an Order stating that she had

conducted an in camera inspection of Dr. Janicki's records and determined that they were relevant to the proceedings. The magistrate ordered that counsel draft a protective order limiting dissemination of the records to counsel, the parties, and experts in the case. Keith submitted said order and a Motion to Adopt it on October 18, 2017.

{¶8} The trial court issued an Order on November 1, 2017, in which it found that Belinda had waived physician-patient privilege by placing her physical and mental conditions at issue by requesting custody and spousal support. It granted the Motion to Adopt Protective Order and ordered that Dr. Janicki's records be released to counsel.

{¶9} Belinda timely appeals and raises the following assignment of error:

{¶10} "The trial court erred as a matter of law and abused its discretion in ordering the release of the appellant's personal and confidential medical records."

{¶11} "The trial court has broad discretion in regulating the discovery process and, therefore, the trial court's decisions on discovery matters will not be reversed absent an abuse of discretion." (Citation omitted.) *Cireddu v. Clough*, 11th Dist Lake No. 2013-L-092, 2014-Ohio-2454, ¶ 45; *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996).

{¶12} "Generally, a person's medical records are privileged and, thus, undiscoverable." *Sweet v. Sweet*, 11th Dist. Ashtabula No. 2004-A-0062, 2005-Ohio-7060, ¶ 8. A physician is, however, permitted to testify against a patient and/or provide medical records under certain exceptions. R.C. 2317.02(B)(1). In the present matter, multiple circumstances applied which excepted this matter from the privilege doctrine.

{¶13} A review of Ohio statutory and case law indicates that parents seeking custody of their children waive the physician-patient privilege with respect to their

3

medical records. R.C. 3109.04(F)(1)(e) provides that a court "shall" consider the "mental and physical health of all persons involved" when making a determination of the best interest of the child for the purposes of allocating parental rights and responsibilities in a child custody dispute. As this court and others have held, a party seeking custody agrees to submit to an investigation of all relevant factors, which include mental health. *Schill v. Schill*, 11th Dist. Geauga No. 2002-G-2465, 2004-Ohio-5114, ¶ 47 ("[w]henever custody of children is in dispute, the party seeking custodial authority subjects him or herself to extensive investigation of all factors relevant to the permanent custody award") (citation omitted) (emphasis omitted); *Sweet* at ¶ 9; *In re Kelleher*, 7th Dist. Jefferson Nos. 08-JE-31, et al., 2009-Ohio-2960, ¶ 17 ("when a parent files an action seeking custody of her children, she places her mental and physical condition at issue for the trial court to consider"). There is no question that Belinda sought custody of the parties' minor children. Although her counsel indicated at oral argument that the parties agreed to shared parenting, this does not alter the responsibility of the lower court to review the best interest of the children. While Belinda argues that her mental and physical condition were not brought into question, the statute requires consideration of these factors regardless of whether they were raised by Keith, although the fact that he sought disclosure of such records arguably amounts to raising the issue of possible mental health concerns.

{¶14} The same applies to a party seeking spousal support. R.C. 3105.18(C)(1)(c) requires that a court shall consider the mental condition of the parties "[i]n determining whether spousal support is appropriate and reasonable." *Also Higbee v. Higbee*, 2d Dist. Clark No. 2013-CA-81, 2014-Ohio-954, ¶ 1-2. Again, simply raising

4

a claim for spousal support warranted, at the very least, disclosure of Belinda's medical records to the court for review, which was conducted here. Although Belinda raises the issue of the parties' disparate incomes, she fails to demonstrate how this relates to the waiver of the physician-patient privilege set forth by statute.

{¶15} While the foregoing law is clear, it should also be emphasized that "[b]ecause no physician-patient privilege existed at common law, the exercise of the privilege must be strictly construed against the party seeking to assert it." (Citation omitted.) *Sweet* at ¶ 26. This only further serves to support the conclusion that the waiver of privilege should be construed in favor of Keith.

{¶16} The contention that the release of the records to Keith's counsel was unnecessary because they were irrelevant also lacks merit. The standard of review for this issue is an abuse of discretion, since "[t]he trial court has broad discretion in regulating the discovery process." (Citation omitted.) *Cireddu*, 2014-Ohio-2454, at ¶ 45. The lower court's judgment states that the magistrate "determined the documents were relevant" before directing their disclosure to Keith's counsel. Belinda does not demonstrate otherwise. Additionally, the magistrate even took the extra precaution to have a protective order drafted to protect Belinda while still ensuring the proper records were disclosed so the parties could conduct meaningful discovery and litigation of their case.

{¶17} Since it is evident that the records were disclosed in a manner consistent with established law and there is no evidence of an abuse of discretion, this court lacks any valid ground to reverse.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶20} I respectfully dissent.

{¶21} "The trial court has broad discretion in regulating the discovery process and, therefore, the trial court's decisions on discovery matters will not be reversed absent an abuse of discretion." *Sweet v. Sweet*, 11th Dist. Ashtabula No. 2004-A-0062, 2005-Ohio-7060, ¶7. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶22} Pursuant to Civ.R. 26(C), matters are exempt from discovery if the information sought is privileged or irrelevant to the subject matter of the suit and not reasonably calculated to lead to the discovery of admissible evidence.

6

{¶23} R.C. 2317.02(B)(1) prevents the disclosure of communications between physicians, registered nurses, or dentists and their patients except in explicit circumstances in which the privilege is deemed waived, as follows:

{¶24} "The testimonial privilege established under this division does not apply, and a physician, advanced practice registered nurse, or dentist may testify or may be compelled to testify, in any of the following circumstances:

{¶25} "(a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:

{¶26} "(i) If the patient or the guardian or other legal representative of the patient gives express consent;

{¶27} "(ii) If the patient is deceased, the spouse of the patient or the executor or administrator of the patient's estate gives express consent;

{¶28} "(iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative."

{¶29} In this case, the trial court reasoned that Belinda's motion for custody and spousal support were "civil actions" under R.C. 2317.02(B)(1). Although the statute indicates that any type of civil action filed by the patient waives the physician-patient privilege, this writer stresses that Belinda's mental and physical condition is not at issue here.

{¶30} When seeking custody, the parent's mental and physical condition is called into question as it relates to their ability to parent the child/children, "*but solely in regard to that issue.*" (Emphasis added) *Sweet, supra,* at ¶10. Keith has never challenged Belinda's mental or physical ability to parent their children. Also, the trial court never indicated that the medical records are relevant to Belinda's ability to parent the parties' minor children.

{¶31} Here, the trial court properly ordered the records be submitted directly to the court for an in camera inspection to determine if the records are relevant. On September 26, 2017, the trial court determined that the records should not be released and that only the records which are relevant will be made to counsel for the parties to review. Contrary to the trial court's order, on October 16, 2017, the magistrate issued a subsequent order that the records would be released. Although the magistrate's order directly contradicts the court's prior determination that the records not be released, both orders indicate that not all of the medical records are relevant to the underlying matter. Thus, despite its determination that only some of the records are relevant, the trial court abused its discretion in ordering the release of all of Belinda's confidential and private medical records. *See Neftzer v. Neftzer*, 140 Ohio App.3d 618, 622 (12th Dist.2000).

{¶32} In addition, regarding spousal support, the Second District Court of Appeals briefly addressed the release of medical records as it relates to motions for spousal support in *Higbee v. Higbee*, 2d Dist. Clark No. 2013-CA-81, 2014-Ohio-954. The Second District determined that Wife made her health an issue in the action by requesting spousal support on the grounds that she could not work due to a disability that limits her earning ability. *Id.* at ¶9. Unlike *Higbee*, neither Keith nor Belinda have

8

raised any health claims concerning Belinda's ability to work. Instead, Belinda seeks a spousal support award as a result of the substantial difference in the annual income of the parties (Keith - $2,000,000 versus Belinda - $65,000) coupled with the length of the marriage (26 years). As a result, because Belinda's confidential medical records are not relevant to the within matter, the trial court abused its discretion in ordering their release.

{¶33} For the foregoing reasons, this writer finds that appellant's sole assignment of error is well-taken and that the trial court's judgment should be reversed and remanded.

{¶34} I respectfully dissent.